# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### AT JACKSON

| | | |
|---|---|---|
| **ANGELINA A. SIMS as beneficiary and,** | ) | |
| **Representative of Imogene A. Bastin** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. _____** |
| | ) | |
| **STONEBRIDGE LIFE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION AND NOTICE OF REMOVAL

TO:    The United States District Court
Western District of Tennessee
111 South Highland Avenue
Jackson, TN 38301

**PLEASE TAKE NOTICE** that Stonebridge Life Insurance Company (hereinafter "Defendant") hereby removes this action pursuant to 28 U.S.C. § 1441 from Circuit Court for Perry County at Linden, Tennessee, to the United States District Court for the Western District of Tennessee, and respectfully states to this Court as follows:

1.    On or about January 19, 2012, Plaintiff Angelina A. Sims (hereinafter "Plaintiff") commenced a civil action against Defendant by filing a Complaint in the Circuit Court for Perry County, Linden, Tennessee.

2.    On or about January 25, 2012, Defendant was served with a copy of the Complaint. A copy of the Complaint and service of process is attached hereto and incorporated by reference herein as *Collective Exhibit A.*

{01981825.DOC}

3.     For the reasons stated below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332, because it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests, and it is between citizens of different states.

**I.     This Defendant has satisfied the procedural requirements for removal.**

4.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of service on the properly served Defendant.  Defendant was served with a copy of the Summons and Complaint on January 25, 2012.

5.     The United States District for the Western District of Tennessee includes the county in which the state court action is now pending.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § § 123(a)(3) and 1441(a).

6.     Pursuant to 28 U.S.C. § 1446(d), Defendant files written notice of this removal of the Clerk of the State Court in which the action is currently pending.  Copies of the Notice of Filing, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

**II.     Removal is proper in the present case**.

7.     Defendant, Stonebridge Life Insurance Company was at the time of commencement of said action, and still is, a foreign corporation organized under the laws of the state of Vermont, with its principal place of business located in the state of Maryland.  Defendant is a citizen or resident of no other state.

8.     There is complete diversity between the Plaintiff and the Defendant.  In the Plaintiff's Complaint, the Plaintiff admits that Insured was a citizen and resident of Perry County, Tennessee.

{01981825.DOC}

9.     The Plaintiff's Complaint seeks to recover an amount in excess of $75,000, requesting the value of the insurance policy at issue in this case ($50,000), plus attorney's fees, treble damages and/or a bad faith penalty of 25%.   In the *ad damnum*, the Plaintiff requests the following relief:

> For Plaintiff to be granted a judgment against the Defendant for the sum of money to be determined by the jury to be sufficient to compensate her for the damages complained for herein, for the full value of the policy, reasonable attorney's fees, treble damages, twenty-five (25%) percent bad faith refusal to pay, costs, punitive damages, pre and post-judgment interest, all damages allowed under Tennessee Law, discretionary costs, and for general relief as justice may require.  The total recovery is not to exceed $74,000.00 exclusive of interest and costs.

Consequently, the amount in controversy exceeds the jurisdictional minimums outlined in 28 U.S.C. § 1332 (a).

10.     The Plaintiff's attempt to limit damages to an amount "not to exceed $74,000.00 exclusive of interest and costs" does not prevent removal because it is apparent that the Plaintiff is actually asking to recover an amount in excess of $75,000.00.  For example, if the Plaintiff recovers treble damages, as she has requested, then she would recover $150,000.00 because her actual damages, if she wins, would equal $50,000.00 – the value of the policy.

11.     In addition, Plaintiff has requested attorneys' fees in addition to her actual damages of $50,000.00.  As stated by the Sixth Circuit in the case *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007):

> As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, *unless the fees are provided for by contract or where statute mandates or expressly allows the payment of such fees.  Clark v. Nat. Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975)* ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

(Emphasis added).   In *Williamson*, the plaintiff sought to recover:

> judgment three times the amount of their actual damages [$74,999] (including prejudgment interest), which are to be determined at trial, or alternatively, their actual damages (including pre-judgment interest) plus the 25 percent penalty provided by Tenn.Code Ann. § 56-7-105, but limited to $74,999 exclusive of interest, costs, and attorneys fees.

Id. at 375. Defendants removed the case, and the District Court denied plaintiff's motion to remand. The Sixth Circuit upheld the District Court.

In support of the motion to remand, the plaintiff in *Williamson* argued that the limitation in the *ad damnum* meant "that Aetna cannot demonstrate that the amount in controversy exceeds $75,000." Nevertheless, the Court relied on the plaintiff's request for attorneys' fees, the 25% bad faith penalty, and the treble damages provision of the Tennessee Consumer Protection Act in concluding that the plaintiff's request for damages exceeded the $75,000 jurisdictional threshold. Specifically, the Court held:

> Accordingly, we hold "it was more likely than not" that the "potential cost of the state claim to the insurance company," *Woodmen,* 129 Fed.Appx. at 196, would exceed $75,000, and, thus, the district court correctly concluded that it possessed subject matter jurisdiction based on diversity of citizenship.

12.     The same result should obtain in the present case. In view of the fact that the Plaintiff in the present case seeks treble damages and attorneys' fees, it is "more likely than not" that the potential cost of the claim alleged in the State Court Complaint could exceed $75,000.00. This is especially true when the Court considers that the Plaintiff's damages, if she is permitted to recover any damages at all, would be $50,000. In other words, if the Plaintiff recovers anything at all, she would recover the value of the Policy, which is $50,000; treble damages would thus be $150,000. Stated differently, there is no hypothetical by which a *treble damage* award would be less than $75,000. Accordingly, as the Sixth Circuit held in *Williamson*, the jurisdictional amount in the present case exceeds $75,000.00.

{01981825.DOC}

**WHEREFORE,** Defendant respectfully removes this action from the Perry County Circuit Court in Linden, Tennessee, bearing docket number 2012-CV-2 to this Court, pursuant to 28 U.S.C. § 1441.

**DATED** this __21st__ of February, 2012.

*Respectfully submitted,*

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

BY:      _____s/M. Andrew Pippenger_____
            **M. ANDREW PIPPENGER (BPR #018183)**
            **MITZI L. GEORGE (BPR #027250)**
            *Attorney for Defendants*
            801 Broad Street – 3rd Floor
            Chattanooga, TN  37402-2621
            (423) 265-0214 – telephone
            (423) 424-3920 – direct dial
            (423) 308-0920 – direct fax

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties at interest in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

*Attorney for Plaintiff*
Bradford D. Box (BPR #016596)
Nathan E. Shelby (BPR #026583)
**Rainey, Kizer, Reviere & Bell, PC**
209 East Main Street
P.O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414

This the <u>21st</u> day of February, 2012.

BY:  ____s/M. Andrew Pippenger_____
        **M. ANDREW PIPPENGER**

{01981825.DOC}