UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| ANGELINA A. SIMS as beneficiary and, Representative of Imogene A. Bastin | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:12-CV-01045 ) |
| STONEBRIDGE LIFE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

_____

# REPORT AND RECOMMENDATION
_____

This matter came to be heard on the Fifth day of October, 2012, before the Honorable Judge Edward G. Bryant of the United States District Court for the Western District of Tennessee, by consent of the parties upon the Joint Petition for approval of a compromise, and upon review of the matter. Angelina Sims, a minor (the "Minor" hereinafter) by an through counsel, has filed a joint petition with Stonebridge describing a proposed settlement by which the Stonebridge would pay into the Registry of the Court for the benefit of the Minor the sum of $25,000, less the sums of $8,333.33 in attorney's fees and $830.28 in expenses for a total to be deposited into the Registry of the Court of $15,836.39 conditioned on approval by this Court. It appears to the Court that the allegations in the Motion for Approval of this settlement are true and that is proper and in the manifest best interest of the Minor that the parties would compromise and settle any and all claims which she might have against Stonebridge as a result of the dispute described in the Complaint. The consideration for this settlement is $25,000 to be paid to the Court for the benefit of the Minor.

The Court finds that the facts of this case show that this proposed compromise is in the best interest of the Minor. Her grandmother, Imogene A. Bastin, purchased a Certificate which would have entitled her to certain benefits in accordance with the terms and conditions of the Certificate and applicable Policy issue by Stonebridge. Ms. Bastin was injured in an automobile accident on **December 9, 2010**. The contract, however, had an effective date of **December 10, 2010**. Ms. Bastin died on **December 17, 2010** as a result of injuries sustained in the accident on **December 9, 2010**. The term "Injury" is defined by the Certificate as follows:

> "INJURY" means bodily harm, caused by an accident, directly and independently of all other causes. It must occur while an Insured's coverage is in force. Injury must not be caused by or contributed to by disease or bodily infirmity.

Because Ms. Bastin died as a result of injuries sustained before the effective date of the Certificate, Stonebridge takes the position that the Minor is not entitled to the proceeds. The Minor takes the position that language of the Policy entitles her to recover the proceeds. The face amount of the Policy is $50,000. Because of the uncertainties and attendant costs of litigation, both parties, after consultation with counsel, have agreed to compromise the claim for a lump sum payment of $25,000. The parties propose payment of the settlement amount into the Registry of the Court for deposit into an interest bearing account with a depository institution and subsequently payable to the Minor on her eighteenth birth date. Furthermore, the Court finds that the natural guardian of the Minor, her father Gerald Ray Sims, has noted his approval by his signature to the Joint Petition.

Based on the foregoing, the Court finds that the proposed settlement is in the best interest of the Minor and should be approved in all respects. Accordingly:

It is **recommended** that the proposed settlement be and the same is hereby approved in all respects. It is **recommended** that Stonebridge be authorized to pay the Minor $25,000 in exchange for a full and final release signed and executed by her father, Gerald Ray Sims. Upon payment of

these settlement proceeds into the Registry of the Court, Stonebridge shall be released and forever discharged from any and liability which the Minor may assert against Stonebridge because of the Certificate and Policy at issue in this litigation. It is **recommended** that the District Court dismiss the complaint with prejudice on the merits and extinguishes any and all claims which the Minor asserts now, or may assert in the future, as to Stonebridge to the proceeds at issue in this litigation, upon payment by Stonebridge of $25,000, less the sums of $8,333.33 in attorney's fees and $830.28 in expenses, payable directly to Rainey, Kizer, Reviere & Bell, PLC, for a total to be deposited into the Registry of the Court of $15,836.39 for the use and benefit of the Minor. It is **further recommended** that the Minor's guardian be authorized and directed to sign a release of all claims releasing Stonebridge Insurance Company from any and all claims that were or could have been brought arising from any matter related to the Certificate and Policy at issue in this litigation.

Respectfully Submitted,

s/Edward G. Bryant
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **October 5, 2012**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**